UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

THURL E. GODFREY,
by and through his Guardian
and Conservator
KERRY MONEYPENNY,

      Plaintiff,

v.                                    CIVIL ACTION NO. 2:24-cv-00355

UNITED STATES OF AMERICA,

      Defendant.

## ORDER

This matter is before the Court on the Government's Motion to Stay Due to Lapse of Congressional Appropriations, filed on October 28, 2025. [ECF 32].

A district court retains "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Summer Rain v. Donning Company Publishers, Inc.*, 964 F.2d 1455, 1461 (4th Cir. 1992). Determining whether to stay a proceeding "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). The applicant must "justify . . . [the relief sought] by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). Several factors guide the exercise of discretion: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party," which are "drawn from the Supreme Court's decision in *Landis*

[*v. North American Company*]." *White v. Ally Financial Inc.*, 969 F. Supp. 2d 451, 462 (S.D. W. Va. 2013) (cleaned up) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

In its motion, the Government contends that "[a]bsent an appropriation . . . certain Department of Justice attorneys and employees of the federal government are prohibited from working, even on a voluntary basis, except in very limited circumstances." [*Id.* at 1]. The Government represents "the lapse in appropriations requires a reduction in the workforce . . . particularly with respect to prosecution and defense of civil cases." [*Id.* at 1–2]. The Government seeks "a stay of these proceedings and any associated deadlines, commensurate with the duration of the lapse in funding, pending restoration of appropriations" [*Id.*].

The Government has justified its request with "clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). The *Landis* factors, too, weigh in favor of granting a stay. First, judicial economy is served -- and hardship to the Government avoided -- by staying the proceeding inasmuch as the lapse in appropriations has resulted in a reduction in workforce of the United States Attorney's Office. Additionally, there is no apparent prejudice to Plaintiff resulting from a temporary stay. Accordingly, the Court **GRANTS** the motion to stay [**ECF 32**], **STAYS** all proceedings herein pending restoration of appropriations, and **RETIRES** this matter to the inactive docket. The Government is **DIRECTED** to notify the Court in writing of the restoration of appropriations.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: November 7, 2025

Frank W. Volk
Chief United States District Judge